UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER K. ALONSO,<br><br>                              Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERRIFF DEPARTMENT,<br><br>                              Defendant. | Case No.: 3:22-cv-97-CAB-WVG<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2] AND DENYING AS MOOT MOTION TO APPOINT COUNSEL [Doc. No. 3]** |

On January 24, 2022, Plaintiff Christopher K. Alonso filed a complaint. [Doc. No. 1.] Plaintiff also filed an application to proceed in forma pauperis ("IFP") [Doc. No. 2] and a motion to appoint counsel [Doc. No. 3]. On May 6, 2022, the case was transferred to the undersigned judge. For the following reasons, Plaintiff's application to proceed IFP is **DENIED**.

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, the Court may authorize a party to proceed without paying the filing fee if that party submits an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP

status must allege poverty with some particularity, definiteness and certainty." *Id*. (internal quotation marks omitted).

In his IFP application, Plaintiff claims to have no income, no cash, and no assets. Yet Plaintiff claims to have over $2,000/month in expenses, while also living rent-free. Moreover, the expenses include installment payments on a motor vehicle and motor vehicle insurance, but no vehicle is listed as an asset. These unexplained discrepancies render the application incomplete and not credible. Accordingly, based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's application to proceed IFP [Doc. No. 2] is **DENIED** without prejudice, and Plaintiff's motion to appoint counsel [Doc. No. 3] is **DENIED** as moot.

Plaintiff shall have until **June 3, 2022** to either pay the filing fee, or file a new application to proceed IFP that provides with "particularity, definiteness, and certainty" the required information. In particular, Plaintiff shall respond truthfully, accurately, and completely to Questions 1 - 8. If the filing fee is not paid or a renewed application to proceed in forma pauperis is not filed by June 3, 2022, the Clerk of the Court shall dismiss the case without prejudice and terminate the action.

**IT IS SO ORDERED.**

Dated: May 6, 2022

Hon. Cathy Ann Bencivengo
United States District Judge