UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher K. Alonso,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>San Diego County Sheriff Department,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-97-RSH-LR<br><br>**ORDER:**<br><br>**1. DENYING MOTION TO APPOINT COUNSEL, AND**<br><br>**2. DIRECTING SERVICE OF PROCESS**<br><br>[ECF No. 9] |

　　　　Plaintiff's Complaint, filed on January 24, 2022, alleges that Defendant San Diego County Sheriff's Department violated his civil rights in connection with an incident on February 20, 2021, in which Plaintiff was pulled over for a purported traffic violation and then arrested for possession of a loaded weapon. ECF No. 1. Along with the Complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") and a motion to appoint counsel. ECF Nos. 2, 3. On May 6, 2022, the Court denied without prejudice Plaintiff's IFP Motion, based on unexplained discrepancies within his IFP application that rendered the application incomplete and not credible. ECF No. 5. The Court subsequently denied Plaintiff's Motion to Appoint Counsel as moot. *Id.*

On June 17, 2022, Plaintiff paid the $402 filing fee. ECF No. 6. On August 26, 2022, he filed a new motion to appoint counsel. ECF No. 9. The Motion described his past attempts to obtain counsel, including: (1) an attempt in 2020 (before the incident alleged in the Complaint) to obtain help from the "California Bar Association" by telephone, for which there was "no follow up"; and (2) an attempt to engage an attorney named "Ruiz" in February 2021, whom Plaintiff did not engage because of a "charge for criminal aspect" and because the attorney "couldn't guarantee [a] civil win." *Id.* Plaintiff states that he needs appointed counsel because he is not employed, and because he "did not find anyone knowledgeable with my case statu[t]es violations allegations." *Id.*

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The IFP statute provides that a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, this discretion is exercised only under "exceptional circumstances." *Palmer*, 560 F.3d at 970. The burden of demonstrating exceptional circumstances is on the party seeking counsel. *Id.* A court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that Plaintiff has not met the requisite burden. Additionally, Plaintiff's Motion does not reflect past good faith efforts to obtain counsel, and the stated reasons for not obtaining counsel relate to factors other than Plaintiff's ability to pay. The Court declines to exercise its discretion to appoint counsel at this time. Plaintiff's Motion [ECF No. 9] is **DENIED** without prejudice.

Additionally, Plaintiff has not filed proof of timely service upon Defendant. Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate

period."

Plaintiff has not sought an extension of time to effect service. Nonetheless, the Court **ORDERS** that Plaintiff shall have an additional forty-five (45) days after the date of this Order to properly effectuate service of the Summons and Complaint. If Plaintiff fails to effect service and file proof of service within that time, the Court will dismiss this action for failure to prosecute.

**SO ORDERED.**

Dated:  October 28, 2022

Hon. Robert S. Huie
United States District Judge